# UNITED STATES DISTRICT COURT
для the
Eastern District of Michigan

*DEC 2 4 2014 CLERK'S OFFICE DETROIT*

| | |
|---|---|
| United States of America <br> v. <br> Harvey Bradford <br> _Defendant_ | ) <br> ) <br> ) Case No. 14-30636 <br> ) <br> ) |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____ .*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the ☐ date of conviction ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum prison term of ten years or more is prescribed in _____ .

☐ under 18 U.S.C. § 924(c).

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.

☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

See attached.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date: 12-24-14

_____
*Judge's Signature*

ELIZABETH STAFFORD - UNITED STATES MAGISTRATE JUDGE
_____
*Name and Title*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Page 2 of 2

## United States v. Harvey Bradford
## 14-30636

The Court finds by clear and convincing evidence that there are no conditions or combination of conditions that would reasonable assure the safety of the public if Defendant Harvey Bradford were to be released. According to the complaint, on December 11, 2014, Detroit Police officers were responding to a complaint about narcotics at a house on Meyers when they saw Bradford approaching that house. The officers saw Bradford remove a firearm from his waistband and drop it to the ground. Bradford stipulates that there is probable cause that he was a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

Bradford's possession of a firearm is of particular concern because of his longstanding history of forcible criminal sexual conduct. He was convicted in 1985 of misdemeanor criminal sexual conduct using force or coercion, and in 1990 of felony first degree criminal sexual conduct using a weapon. For this latter conviction, Bradford was sentenced to 20 to 40 years of incarceration. He was released on parole in 2008, and discharged from parole in May of 2012. Therefore, Bradford was just released from supervision a couple of years ago.

The pretrial investigation report includes other significant criminal history, including a 1985 conviction for carrying a concealed weapon, a 1987 conviction for delivery of heroin, and a 1989 conviction for misdemeanor aggravated assault. Bradford points out that all of these convictions were from the 1980s. But, Bradford was incarcerated from 1990 to 2008, so his lack of criminal convictions during that time period is of minimal significance. Additionally, although there was no mention of it in the pretrial investigation report, Bradford concedes that he pleaded guilty to an ordinance violation for embezzlement on January 30, 2013 in Dearborn.

Finally, the Court takes into consideration Bradford's lack of verifiable employment history and his history of substance abuse, including his use of crack cocaine as recently as December 20, 2014 (after his December 11, 2014 arrest by the Detroit Police Department).

Bradford proffered that he lives with his uncle, who was present during the detention hearing, and that his uncle would agree to act as a third-party custodian. The Court rejects that arrangement as a reasonable option because Bradford is 49 years old – too old to be supervised by another adult. Further, Bradford was already living with his uncle when he was using drugs and possessing a firearm, so there is no reason to believe that his uncle's presence would curtail Bradford's illegal conduct.

2

Finally, Bradford presented no evidence to establish that his uncle was a suitable third-party custodian; for example, there was no evidence of the hours that the uncle was home on a daily basis, or that he lacked of significant criminal history. The Court understands that the government has the burden of establishing that Bradford should be detained. However, since Bradford offered his uncle as a third-party custodian, he needed to establish that that option was viable.

For these reasons, the Court finds that the government established by clear and convincing evidence that Bradford should be detained in order to assure the safety of the community.